UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

**ALEKSANDR PASMAN**                                              CASE NO. 11-11548

DEBTOR                                                                          CHAPTER 7


**MOSTAFA KHOSRAVANIPOUR**

PLAINTIFF

V.                                                                                    ADV. NO. 12-1026

**ALEKSANDR PASMAN**

DEFENDANT


**MEMORANDUM OPINION**

Mostafa Khosravanipour moves for summary judgment on his complaint for a declaration that Aleksandr Pasman, a discharged chapter 7 debtor, remains personally liable on Khosravanipour's claim against All American Sewing, L.L.C. Neither party disputes any material fact. This memorandum opinion sets forth the reasons why plaintiff is not entitled to judgment.

FACTS

Debtor Aleksandr Pasman filed chapter 7 on September 30, 2011. Pasman's assets included his membership interest in All American Sewing, L.L.C. ("AAS"), a Louisiana limited liability company. Pasman listed among his debts the plaintiff's disputed claim[1] for $58,442 based on AAS's breach of a lease with plaintiff that Pasman had guarantied personally.

---

[1] The debtor's statement of financial affairs disclosed the plaintiff's prepetition state court lawsuit against AAS and Pasman. On January 30, 2012, the Nineteenth Judicial District Court for East Baton Rouge Parish rendered summary judgment in favor of Khosravanipour and against AAS for $30,773.

Khosravanipour does not dispute that Pasman's December 28, 2011 chapter 7 discharge extinguished the debtor's direct liability on the guaranty; his lawsuit alleges that Pasman remains liable to him despite the discharge as a result of the debtor's actions after filing bankruptcy, and in fact after the discharge. Specifically, only weeks after Pasman's discharge he filed an affidavit[2] with the Louisiana Secretary of State dissolving AAS pursuant to La. R.S. 12:1335.1.[3] The complaint alleges that "upon Pasman filing the Affidavit to Dissolve with the Louisiana Secretary of State on January 19, 2012, Pasman immediately [became] personally liable for any and all outstanding debt and claims against All American Sewing, LLC under the provisions of La. R.S. 12:1335.1 and Louisiana law." Complaint, ¶9.

## ANALYSIS

Plaintiff contends as a matter of law that Pasman's dissolution of AAS triggered the debtor's personal liability for AAS's obligations and thereby created a new post-petition debt that was not discharged in Pasman's chapter 7 case. The debtor argues in response that the Louisiana statute allowing members to dissolve limited liability companies by affidavit does not create a *new* debt or obligation. He argues that he discharged the liability in his chapter 7 case because

---

[2] January 19, 2012 affidavit, Exhibit A to Plaintiff's Supplemental Memorandum in Support of Motion for Summary Judgment (P-57).

[3] La. R.S. 12:1335.1(A), in relevant part:

> In addition to all other methods of dissolution, if a limited liability company is no longer doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the members or by the organizer, if no membership interests have been issued, attesting to such facts and requesting that the limited liability company be dissolved. *Thereafter, the members, or the organizer if no membership interests have been issued, shall be personally liable for any debts or other claims against the limited liability company in proportion to their ownership interest in the company* (emphasis supplied).

2

from AAS's formation he was *potentially* personally liable for AAS's pre-petition debts, including Khosravanipour's claim, based on his status as AAS's sole member.[4]  Thus, he reasons that the debt was a contingent claim under the Bankruptcy Code and discharged with other prepetition claims.

The parties do not dispute the material facts.[5]  The sole issue is whether the dissolved limited liability company's debt to Khosravanipour was a pre-petition contingent claim within the meaning of 11 U.S.C. '101(5) and so was discharged.

*1)   The Chapter 7 Discharge Applies Solely to Prepetition Claims*

The chapter 7 discharge eliminates the debtor's personal liability for pre-bankruptcy debts (with exceptions provided under 11 U.S.C. §727(a)) but not for debts arising after the bankruptcy petition is filed.  11 U.S.C. §727(b).

Bankruptcy Code section 101(12) defines *debt* as a "liability on a claim."  11 U.S.C. §101(12).  In turn, *claim* is broadly defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, *contingent*, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."  11 U.S.C. §101(5) (emphasis supplied). Congress defined *claim* broadly contemplating that "'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'"  *In re Lemelle*, 18 F.3d 1268, 1275 (5th Cir. 1994) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 309 (1977), S. Rep. No. 989, 95th Cong., 2d Sess. 21–22 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5807–08 and 6266).

---

[4]  Despite the Supreme Court's limitation on bankruptcy courts' ability to rule on matters of state law in *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), bankruptcy courts retain the power to adjudicate disputes concerning the reach of their discharge judgments as core matters under 28 U.S.C. §157(I).

[5]  Plaintiff filed a statement of uncontested material facts (P-49).  The debtor defendant did not file a controverting statement of material facts as to which he contended there was a genuine issue of fact and so pursuant to Local Rule 7056-1(b) is deemed to have admitted all material facts the plaintiff set forth.

The Bankruptcy Code does not separately define *contingent claim*. However, the Fifth Circuit explained the concept in *Matter of Ford*, 967 F.2d 1047, 1051 (5th Cir. 1992):

> Claims are contingent as to liability if the debt is one which the debtor will be called upon to pay *only upon the occurrence or happening of an extrinsic event* which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.

(Emphasis added.) Thus, a contingent claim is one that has not yet accrued and is dependent on an event that may not actually happen. *In re Papi*, 427 B.R. 457 (Bankr. N.D. Ill. 2010).

Determining when a claim arises for purposes of section 727(b) can be complicated when the facts and events surrounding the claim occur both before the filing of the bankruptcy case and afterward. "[C]ourts have struggled with this issue resulting in the formation of several tests to determine when a bankruptcy claim arises. These … tests involve a balancing of bankruptcy concepts, such as the broad definition of a claim and the purpose of a bankruptcy discharge, as well as due process concerns" and a creditor's right to payment. *In re Huffy Corp.*, 424 B.R. 295, 300 (Bankr. S.D. Ohio 2010). The three tests are "the 'accrued state law claim' test, the 'conduct' test and the 'pre-petition relationship' test." *In re Superior Air Parts, Inc.*, 2012 WL 5947621 (Bankr. N.D. Texas, November 28, 2012) at *8.

A claim is treated as arising by the accrued state law test only when the right to payment accrues under state law. The test has been criticized widely since its debut in *Avellino & Bienes v. M. Frenville Co.*, 744 F.2d 332 (3d Cir. 1984), and the Fifth Circuit specifically refused to adopt it. *See In re Andrews*, 239 F.3d 708, 710 n.7 (5th Cir. 2001) (observing that the narrow accrued state law approach has been "universally rejected").

Under the conduct test a claim arises "when the debtor's conduct giving rise to the alleged liability" occurs. *Superior Air Parts* at *8. The Fourth Circuit embraced this criterion for

4

determining contingent claims in *Grady v. A. H. Robins Co, Inc.*, 839 F.2d 198 (4th Cir. 1988). It has drawn criticism for being too broad and failing to address creditors' due process rights, because its application can result in discharging creditors' claims before they receive notice of the bankruptcy case or even learn of it. *See e.g. In re Jensen*, 995 F.2d 925 (9th Cir. 1993); *Superior Air Parts* at *8; *Huffy*, 424 B.R. at 304.

The Fifth Circuit has endorsed the third test, denominated the pre-petition relationship test and articulated in *In re Piper Aircraft Corp.*, 162 B.R. 619 (Bankr. S. D. Fla. 1994). *Lemelle*, 18 F.3d at 1276-77. This analysis results in a claim's being treated as arising before bankruptcy if the debtor's conduct took place pre-petition *and* the debtor and the claimant had a pre-petition relationship. *Superior Air Parts* at *8 (emphasis added). Some courts applying it have concluded that a right to indemnification (a contingent claim because its accrual depends on an uncertain future event) is a prepetition claim because the first act that served as the basis for liability took place before bankruptcy, even if other acts or events triggering the duty to indemnify occurred after the debtor's discharge. *See, e.g., Colonial Surety Co. v. Weitzman*, 564 F.3d 526 (1st Cir. 2009); *In re Manville Forest Products Corp.*, 209 F.3d 125 (2d Cir. 2000); *Superior Air Parts* at *8; and *Huffy*, 424 B.R. at 306.

Although this dispute does not involve an indemnity, *Lemelle* reasoning supports the conclusion that the plaintiff's claim against Pasman is a contingent prepetition claim.

### 2) Plaintiff's claim against the debtor arose pre-petition

Louisiana R.S. 12:1335.1(A) does not itself create a new liability; rather, it shifts responsibility for the debts of a limited liability company from the company to its members.[6] This is analogous to pursuing a corporation's officer on a corporate debt through piercing the

---

[6] A member of a Louisiana limited liability company ordinarily is not personally liable for the company's debts and obligations. La. R.S. 12:1320(B).

5

corporate veil. Piercing the veil does not create a new debt: it merely extends liability for a debt to persons other than the corporation. *See In re Casini*, 307 B.R. 800, 812 (Bankr. D.N.J. 2004).

From the inception of the plaintiff's dealings with AAS and apart from the debtor's personal guaranty, Pasman was potentially liable for AAS's obligations as a member/guarantor – a contingency that Khosravanipour and Pasman reasonably could have contemplated. The debtor's dissolution of the limited liability company by affidavit under La. R.S. 12:1335.1(A) merely created an opportunity for the plaintiff to recover from the debtor on its claim against AAS. The debt then was a contingent *claim* within the meaning of Bankruptcy Code section 101(5). It is also a claim that arose before Pasman commenced his bankruptcy case.

The plaintiff urges use of the "accrued state law" approach to characterize his claim against the debtor as one arising when the debtor dissolved AAS post-petition. However, the Fifth Circuit in *Andrews* rejects the accrued state law analysis. The "pre-petition relationship" test that the Fifth Circuit endorsed in *Lemelle* leads to the conclusion that the plaintiff's claim is pre-petition.

The plaintiff and defendant had a pre-petition relationship as a result of the debtor's membership in AAS, the entity with which Khosravanipour had a lease, as well as Pasman's personal guaranty of that lease.[7] Khosravanipour entered into the lease with AAS, aware that the debtor was its only member and the only other party potentially liable for any of AAS's debts.[8] Moreover, Pasman's potential liability as a member of AAS for the company's debts arose when the limited liability company was formed, a date before the bankruptcy commenced, given the

---

[7] The plaintiff's bargain with Pasman to personally guaranty AAS's obligations under the lease supports a conclusion that the plaintiff knew he had only limited recourse should AAS default.

[8] See Statement of Uncontested Facts, Motion for Summary Judgment, "Mostafa Khosravanipour v. All American Sewing, LLC and Aleksander Pasman," Suit No. 588054, 19th Judicial District Court for East Baton Rouge Parish, (Page 12-13 of Exhibit B to Debtor's Opposition to Motion for Summary Judgment, P-54).

possibility that he could be liable for its unpaid obligations if he dissolved the limited liability company by affidavit. The debtor's contingent liability under La. R.S. 12:1335.1(A) for AAS's debts merely came to fruition upon dissolution of the company by affidavit under La. R.S. 12:1335.1(A). [9]

## CONCLUSION

Mostafa Khosravanipour's claim against the debtor is a contingent pre-petition claim and so was among the claims his chapter 7 discharge extinguished. Consequently, the plaintiff is not entitled to summary judgment.

Baton Rouge, Louisiana, February 14, 2013.

**s/Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[9] This conclusion does not leave Khosravanipour without a remedy. He may have an action under Louisiana law against the alleged successor to AAS described in paragraph 6 of the plaintiff's complaint. *See, e.g.,* La. Civil Code art. 2036 *et seq*.